# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| MASON GARRETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 20-03166-CV-S-DPR |
| | ) |
| PRESIDENT TRUMP, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Plaintiff's Motion to proceed in forma pauperis. (Doc. 1.) Before considering this motion, the Court first has an independent obligation to confirm that jurisdiction is proper. E.g., *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). As follows, Plaintiff's proposed complaint (doc. 1-1) fails to show that this Court has subject-matter jurisdiction over his claims.

**I. Plaintiff's claims**

On his Civil Cover Sheet, Plaintiff states that he is "challenging the constitutionality of the Judicial Act of 1789" under the 13th Amendment and names "President Trump" as the sole defendant. (Doc. 1-2.) According to the proposed complaint, the Judicial Act of 1789, section 33 "explains that for any crime or offense against the United States, the offender may be arrested, and imprisoned or bailed as the case may be for trial before such court of the United States as this cognizance of the offense." (Doc. 1-1.) Plaintiff claims this section "gave authority to all justices and officers to lock up and imprison as needed … at the Federal Government's expense." He argues this section violates the 13th Amendment, which prohibits slavery and involuntary servitude, "except as a punishment for crime whereof the party shall have been duly convicted." Thus, Plaintiff contends that section 33 of the Judicial Act of 1789 is

unconstitutional "on the grounds that one must be found guilty before imprisoned or forced involuntarily into servitude."

**II. Analysis**

As a preliminary matter, although Plaintiff states that he is challenging the constitutionality of Section 33 of the Judicial Act of 1789, that law has been superseded by 18 U.S.C. § 3041. That statute is titled "Power of courts and magistrates" and mirrors the language challenged by Plaintiff as follows:

> [f]or any offense against the United States, the offender may, by any justice or judge of the United States, or by any United States magistrate judge, or by any chancellor, judge of a supreme or superior court, chief or first judge of the common pleas, mayor of a city, justice of the peace, or other magistrate, of any state where the offender may be found, and at the expense of the United States, be arrested and imprisoned or released as provided in chapter 207 of this title, as the case may be, for trial before such court of the United States as by law has cognizance of the offense.

18 U.S.C. § 3041.

Upon review, Plaintiff's proposed complaint fails to show that he has standing to challenge the constitutionality of the Judicial Act of 1789, now codified under 18 U.S.C. § 3041. Standing "implicates Rule 12(b)(1)," because "if a plaintiff lacks standing, the district court has no subject matter jurisdiction." *Faibisch v. Univ. of Minn.*, 304 F.3d 797, 801 (8th Cir. 2002). To establish standing, a plaintiff must show (1) an "injury-in-fact" that (2) is "fairly ... trace[able] to the challenged action of the defendant" and (3) is "likely ... [to] be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). An "injury-in-fact [is] an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*.

Here, Plaintiff's proposed complaint asserts no injury at all, nor any actions by the named

2

Defendant. As a result, he lacks standing to challenge the constitutionality of 18 U.S.C. § 3041, and this Court has no subject-matter jurisdiction.

### III. Conclusion

Because Plaintiff is proceeding pro se, he is granted leave to file an amended proposed complaint that sets forth a factual basis for this Court's subject-matter jurisdiction on or before July 10, 2020. If Plaintiff fails to provide a valid basis for jurisdiction, then the case will be transferred to a District Judge for dismissal without further notice. The Clerk of the Court is directed to send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: June 18, 2020