IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| MASON GARRETT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 20-03166-CV-S-DPR ) |
| PRESIDENT TRUMP, | ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff has moved to file a civil complaint without payment of fees. (Doc. 1.) Before considering whether Plaintiff should be allowed to proceed in forma pauperis, the Court must first confirm that jurisdiction is proper. E.g., *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014). Plaintiff's proposed complaint challenges the constitutionality of the Judicial Act of 1789, which is now codified under 18 U.S.C. § 3041. (Doc. 1-1.) Upon review, the undersigned found that the proposed complaint alleged no injury at all, nor any actions by the only named Defendant. (Doc. 2.) Thus, the undersigned concluded the proposed complaint failed to show standing, and, as a result, this Court has no subject-matter jurisdiction. *Id*.

Ordinarily, when a court lacks subject-matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3). However, because Plaintiff is proceeding pro se, he was granted leave to amend his proposed complaint. (Doc. 2.) He was instructed to provide a factual basis for standing to challenge the constitutionality of 18 U.S.C. § 3041. *Id*. He was further advised that failure to provide a valid basis for subject-matter jurisdiction would result in transfer of the case to a District Judge for dismissal without further notice.[1] *Id*.

---

[1] All parties have not yet consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c)(2).

On July 9, 2020, Plaintiff filed his response. (Doc. 3.) He now asserts that he is raising a facial constitutional challenge pursuant to 28 U.S.C. § 1331, against the "highest federal executive member." However, even when bringing facial challenges, litigants must still satisfy the "normal requirements" of Article III standing. *Mosby v. Ligon*, 418 F.3d 927, 932-33 (8th Cir. 2005). To establish standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged action of the defendant, and (3) that is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal citations and quotations omitted). An injury in fact is "an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." *Id*. Here, Plaintiff makes no allegations whatsoever of any injury in either his proposed complaint or supplemental response. Accordingly, he lacks standing to challenge the constitutionality of 18 U.S.C. § 3041, and this Court has no subject-matter jurisdiction over this action.

Based on the foregoing, the Clerk's Office is directed to randomly reassign this action to an Article III District Judge to be dismissed for lack of jurisdiction. The Clerk's Office shall send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

/s/ *David P. Rush*
DAVID P. RUSH
UNITED STATES MAGISTRATE JUDGE

DATE: July 13, 2020